The judgment is accordingly reversed and the cause remanded.

On Motion for Rehearing.

HAWKINS, Judge.

By the Honorable District Attorney the State files a motion for rehearing urging that the opinion in this case is contrary to Brown v. State, 129 Tex.Cr.R. 82, 83 S.W.2d 678, and Douglas v. State, 132 Tex. Cr.R. 258, 103 S.W.2d 745. It will be noted that in the cases mentioned the girls who were the objects of the assaults were resisting the advances being made, while in this case the little girl seemed to be submissive to appellant's advances, notwithstanding which the evidence fails to show that he ever made any effort to insert his privates into hers. He had opportunity· to do this before the approach of a party interrupted his lascivious conduct. His acts cannot be too severely condemned but we still are of opinion they fell short of assault to rape.

The State's motion for rehearing is overruled.

## ALLEN v. STATE.
### No. 20302.

Court of Criminal Appeals of Texas.
March 22, 1939.

Rehearing Denied May 17, 1939.

M. E. Gates, of Huntsville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

Conviction is for theft of hog; punishment is assessed at confinement in the state penitentiary for a term of two years.

The record is before us without a statement of facts or bills of exceptions. The indictment is sufficient to charge the offense, and procedural matters appear to be in due order.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.